OPINION
{¶ 1} Defendant-appellant Michael Kimbrough appeals his conviction on one count of burglary, in violation of R.C. 2911.12(A)(2), following a trial to the court. Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE {¶ 2} On January 30, 2003, the Stark County Grand Jury indicted appellant on one count of burglary, in violation of R.C. 2911.12(A)(2), a second degree felony. Appellant entered a plea of not guilty to the indictment at his arraignment on February 7, 2003. The matter proceeded to bench trial on March 14, 2003. The following evidence was adduced at trial.
 {¶ 3} Officer Mark Diels, a City of Canton police officer, testified he was on routine patrol with his partner, Officer Davis, on December 31, 2002. At approximately 6:00 p.m., the officers were dispatched to a residence located at 2210 Indiana Way, NE, Canton, Ohio, in response to a male allegedly trying to break in through the front door. Upon arrival, the officers noticed the front door appeared to be broken, the screen door had been removed, and the doorjamb appeared to be damaged. The officers heard a loud banging coming from upstairs, and radioed for a K-9 backup unit. Subsequently, appellant descended the stairs, carrying a hammer. Appellant dropped the hammer, after the officers made several requests of him to do so. Officer Diels noticed a very strong odor of alcohol about appellant's person. Appellant informed Officer Diels he lived at the residence, and showed the officer his driver's license.
 {¶ 4} The officers placed appellant in the back of their cruiser, and returned to the house to investigate. Upon examination, the officers found substantial damage to an upstairs door. The door, which was secured with an outside padlock, was damaged near the lock. The damage included scratches to the finish which appeared to have been created by a hammer.
 {¶ 5} Victoria Neal testified she lived at the residence at 2210 Indiana Way, NE, Canton, Ohio on December 31, 2002, and had lived in the home since October, 2001. Neal explained her parents had purchased the home and it has been the family home for over forty-two years. In December, 2002, Neal resided at the home with her sister, Tony; Tony's boyfriend, Kevin Green; and the third sister, Diana. Despite the fact their mother died in June, 1995, the title to the home remained in Mamie Neal's name. The home had been sold at a sheriff's sale on November 5, 2002, due to unpaid taxes. The family, however, did not leave the residence until January, 2003
 {¶ 6} Neal testified she had known appellant for close to twenty years as appellant and her younger sister, Diana, had been involved together, off and on, throughout those years. Neal acknowledged appellant had lived at the residence at various times throughout those years, however, she noted in October, 2002, she had asked appellant to leave the home. Neal stated appellant was not living at the residence on December 31, 2002.
 {¶ 7} Appellant called Officer Walter Tucker to testify on his behalf. Tucker testified, on December 31, 2002, he was dispatched to a liquor store located in the 1300 block of Harrisburg Road, Canton, Ohio, in response to a disturbance. When Officer Tucker and his partner, Officer Cochran, arrived at the store, they observed several men, including appellant, involved in an argument. At some point, appellant fell and was injured. Appellant informed the officers he lived at 2210 Indiana Way, NE. The officers asked appellant for identification, appellant presented a driver's license with 2210 Indiana Way, NE, listed as the address. The officers placed appellant in the back seat of the cruiser, and drove him to that residence. Officer Cochran walked to the front door and spoke with a female resident. Appellant began to kick the cruiser windows and call the officers names. Officer Tucker exited the cruiser and spoke with the female resident. Thereafter, Officer Tucker permitted appellant to exit the vehicle. Officer Tucker testified he did not observe appellant go into the house, and appellant was standing on the sidewalk in front of the residence when the officers drove away. Officer Tucker noted appellant headed toward the front steps of the house, but had not proceeded up the stairs. The officer noted it was approximately 5:00 p.m.
 {¶ 8} Appellant testified on his own behalf. Appellant stated he lived at 2210 Indiana Way, NE, off and on for approximately seventeen years, and was living at the residence on December 31, 2002. Appellant recalled, on the morning of December 31, 2002, he went to Noah's Auto Sales, where he helped his friend, Mr. Norris, do some odd jobs until approximately 3:00 p.m. Appellant admitted he had been drinking during the day. At approximately 4:45 p.m., he returned to the shop to collect $30. Appellant proceeded immediately to a liquor store across the street, where he purchased a $1.25 bottle of wine. At the liquor store, an argument ensued between appellant and some "boys" who wanted appellant to pay them money Kevin Green owed to them. Officers Tucker and Cochran arrived at the scene and transported appellant to 2210 Indiana Way, NE.
 {¶ 9} The officers knocked on the door of the residence and Diana answered. After speaking with Diana, the officers let appellant out of the cruiser. Appellant testified he and Diana went into the house, and he tended to his wounds, took his medicine, and watched TV. Diana asked appellant for his money, which he gave her, and she left the residence. After Diana left, appellant heard a noise, which sounded like the squawk of a radio, coming from downstairs. Appellant grabbed a hammer, descended the steps, and saw two police officers. Appellant informed the officers he lived at the home. Appellant testified the police would not listen to him. Appellant offered into evidence an October, 2002 pay stub from Circulations Sales, which listed 2210 Indiana Way, NE as his address as well as a receipt from a pawn shop with the same address. Appellant also identified photographs of his truck, which was parked behind the residence on December 31, 2002.[1]
 {¶ 10} After hearing the evidence, the trial court found appellant guilty as charged. The trial court sentenced appellant to a determinate term of three years in prison. It is from this conviction and sentence appellant appeals, raising the following assignment of error:
 {¶ 11} "I. The verdict is against the manifest weight and sufficiency of the evidence and contrary to law."
 I {¶ 12} Herein, appellant maintains the verdict was against the sufficiency and manifest weight of the evidence.
 {¶ 13} In State v. Jenks (1981), 61 Ohio St.3d 259, the Ohio Supreme Court set forth the standard of review when a claim of insufficiency of the evidence is made. The Ohio Supreme Court held: "An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational truer of fact could have found the essential elements of the crime proven beyond a reasonable doubt." Id. at paragraph two of the syllabus.
 {¶ 14} When applying the aforementioned standard of review to the case sub judice, based upon the facts noted supra, we do not find, as a matter of law, appellant's conviction was based upon insufficient evidence.
 {¶ 15} On review for manifest weight, a reviewing court is to examine the entire record, weigh the evidence and all reasonable inferences, consider the credibility of the witnesses and determine "whether in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the judgment must be reversed. The discretionary power to grant a new hearing should be exercised only in the exceptional case in which the evidence weighs heavily against the judgment." State v. Thompkins,78 Ohio St.3d 380, 387, 1997-Ohio-52, citing State v. Martin (1983),20 Ohio App.3d 172, 175. Because the trier of fact is in a better position to observe the witnesses' demeanor and weigh their credibility, the weight of the evidence and the credibility of the witnesses are primarily for the trier of fact. State v. DeHass (1967), 10 Ohio St.2d 230, syllabus 1.
 {¶ 16} Appellant was convicted of one count of burglary, in violation of R.C. 2911.12(A)(2), which states:
 {¶ 17} No person, by force, stealth, or deception, shall do any of the following:
* * *
 {¶ 18} (2) Trespass in an occupied structure or in a separately secured or separately occupied portion of an occupied structure that is a permanent or temporary habitation of any person when any person other than an accomplice of the offender is present or likely to be present, with purpose to commit in the habitation any criminal offense;
 {¶ 19} The acts constituting a criminal trespass are set forth in R.C. 2911.21, which provides: "(A) No person, without privilege to do so, shall do any of the following:
 {¶ 20} Knowingly enter or remain on the land or premises of another;
 {¶ 21} Knowingly enter or remain on the land or premises of another, the use of which is lawfully restricted to certain persons, purposes, modes, or hours * * *."
 {¶ 22} R.C. 2901.01(A)(12) defines "privilege" as "an immunity, license, or right conferred by law, bestowed by express or implied grant, arising out of status, position, office, or relationship, or growing out of necessity."
 {¶ 23} Appellant maintains the State failed to prove beyond a reasonable doubt the trespass element of the offense of burglary. Appellant submits he could not commit trespass because he was a resident of 2210 Indiana Way, NE. Additionally, appellant asserts privilege as he had permission from Diana Neal to enter and remain at the residence.
 {¶ 24} Victoria Neal testified she asked appellant to leave the premises in October, 2002, and he did so. Neal emphatically stated appellant did not live at the residence on December 31, 2002. Although appellant's truck remained at the premises, appellant did not have permission to leave it there as Neal repeatedly had asked him to remove the vehicle. We find Neal's testimony to be competent, credible evidence from which the trier of fact could conclude appellant was not a resident of 2210 Indiana Way, NE, on December 31, 2002.
 {¶ 25} Furthermore, there was competent, credible evidence from which the trier of fact could determine appellant did not have privilege to be in the home. Officer Tucker testified he and his partner transported appellant to the Indiana Way residence and spoke with a woman resident. After speaking with this woman, the officers permitted appellant to exit the police cruiser. When the officers left, appellant was standing on the sidewalk. Although appellant testified he and Diana walked into the home, the trier of fact was free to accept or reject any or all of the testimony of the appellant and assess the credibility thereof. The trial court obviously chose to disbelieve the testimony appellant.
 {¶ 26} Appellant's assertion he had privilege to enter and remain at the premises is belied by Officer Diels' testimony. The officer testified when he and his partner arrived at the residence, they observed the screen door had been removed, and the front door appeared to be damaged. Once in the house, the officers heard loud banging and called for a K-9 backup unit. Officer Diels discovered damage to a padlocked upstairs bedroom door. The damage appeared to be created by a hammer. Victoria Neal testified, when she left the home earlier in the day, the screen door, the front door, and the upstairs bedroom door were undamaged.
 {¶ 27} Based upon the following evidence, and the facts set forth supra, we find there was sufficient evidence to prove appellant entered the Neal residence without privilege to do so and his conviction was not against the manifest weight of the evidence.
 {¶ 28} Appellant's sole assignment of error is overruled.
 {¶ 29} The judgment of the Stark County Court of Common Pleas is affirmed.
Hoffman, P.J., Wise, J. and Boggins, J. concur.
[1] Victoria Neal acknowledged appellant's truck was parked in the back of the residence on December 31, 2002. Neal stated she had requested appellant move the truck for two months, but he had not done so. She also testified she did not know if the vehicle actually ran.